# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 13, 2005, at Knoxville

## STATE OF TENNESSEE v. SARAH LEIGH PANNELL

**Appeal from the Circuit Court for Marshall County**
**Nos. 16202-16206      Robert Crigler, Judge**

---

**No. M2005-00984-CCA-R3-CD - Filed January 5, 2006**

---

The defendant, Sarah Leigh Pannell, appeals from the Marshall County Circuit Court's denial of alternative sentencing. The record supports the court's order, and we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Donna Leigh Hargrove, District Public Defender; and Andrew Jackson Dearling, III, Assistant District Public Defender, for the Appellant, Sarah Leigh Pannell.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On April 6, 2005, the defendant pleaded guilty to the following charges:

| Case | Count | Offense | Class |
|------|-------|---------|-------|
| 16202 | 1 | worthless check | Class A misdemeanor |
| 16202 | 2 | worthless check | Class A misdemeanor |
| 16203 | 1 | identification theft | Class D felony |

| 16203 | 2 | criminal imper-sonation | Class E felony |
| 16203 | 3 | possession of drug paraphernalia | Class A misdemeanor |
| 16204 | 1 | worthless check | Class A misdemeanor |
| 16204 | 2 | worthless check | Class A misdemeanor |
| 16205 | 1 | worthless check | Class A misdemeanor |
| 16206 | 1 | worthless check | Class A misdemeanor |
| 16206 | 2 | worthless check | Class A misdemeanor |
| 16206 | 3 | worthless check | Class A misdemeanor |

The terms of the guilty pleas were open. After conducting a sentencing hearing, the trial court imposed a sentence of 11 months, 29 days in each misdemeanor, to be served at 75 percent. The trial court sentenced the defendant to an incarcerative term of five years as a multiple offender for identification theft and merged the conviction of criminal impersonation into that of identification theft. The trial court aligned all misdemeanor sentences to run concurrently with the five-year felony sentence. The defendant's effective sentence for the cases on appeal is five years in the Department of Correction.

The presentence report filed as an exhibit to the sentencing hearing revealed that the defendant had garnered at least four prior felony and 16 misdemeanor convictions.

In the sentencing hearing, a probation officer testified that the 27-year-old defendant had been twice convicted of failure to appear. She testified that the defendant had previously been on parole that was revoked, resulting in her release from custody in March 2004.

The defendant testified that her addiction to drugs had "cost her everything, [f]rom family, relationships, to my self-pride, my freedom, my dignity." She recounted that she had been involved with drugs since she was 13 and was first introduced to crack cocaine by her father when she was 15. Other drugs followed, including "LSD" and "crank." She testified that she had

participated in rehabilitation programs, including those administered in prison, but she had persisted in using drugs, even while she was in prison. She stated, "Most of the people that I grew up with have either committed suicide or overdosed. I have lost my life. I don't know who I am anymore." She pleaded,

> I want some help. I need some help. Whether I get it from this Court or the state penitentiary, it is not – it really doesn't matter either way. I will get it somewhere. . . . I have never tried. I have never had anything to try for. Now I do. I am losing too many of my family members. I want to be home soon, hopefully soon. I know I am going to have to go do some time. I understand that. . . . I just hope that a chance will be given either before I go or after I go to get in somewhere where I can get me some help for myself.

The defendant acknowledged that she had charges pending in other counties.

The defendant's mother, Debra Pannell, testified that she suffered from hepatitis C and that the defendant's grandmother was terminally ill with cancer. Ms. Pannell opined that the defendant's attitude recently changed when the defendant realized that she was the "only person in this world that [Ms. Pannell had] to depend on."

Now on appeal, the defendant claims that the trial court should have awarded her an alternative sentence involving probation. We disagree.

When there is a challenge to the manner of service of a sentence, it is generally the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption, however, is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appellant, and in the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. *Id.* If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, after determining the range of sentence and the specific sentence, then determines the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or

-3-

treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), 40-35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options, "in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." *Id*. § 40-35-102(5). A defendant's presumption of favorable candidacy for alternative sentencing may be rebutted; not all offenders who enjoy the presumption receive an alternative sentence. Rather, sentencing issues are determined by the facts and circumstances presented in each case. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

As a multiple offender, the defendant in the present case did not enjoy the presumption of favorable candidacy for alternative sentencing. In this situation, the state had no burden to justify a sentence involving incarceration. *State v. Michael W. Dinkins*, No. E2001-01711-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 26, 2002); *State v. Joshua L. Webster*, No. E1999-02203-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 4, 2000); *see* Tenn. Code Ann. § 40-35-103(1) (2003). Thus, the burden of establishing a claim to any alternative sentence rested upon the defendant, and she has failed to demonstrate on appeal that she carried this burden below.

The defendant's criminal record is compelling, and it alone justifies the trial court's order of confinement. The defendant's testimony reveals that she has properly assessed the necessity of a heavy sanction. We can only hope that her intent to rehabilitate herself is genuine and long abiding.

The judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE